
CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 01 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| OVELL T. BARBER, | ) | Civil Action No. 7:16-cv-00069 |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| VIRGINIA DEPARTMENT OF | ) | |
| CORRECTIONS, <u>et al.</u>, | ) | By:  Hon. Michael F. Urbanski |
|    Defendants. | ) |       United States District Judge |

Ovell T. Barber, a Virginia prisoner proceeding <u>pro se</u>, commenced this civil action pursuant to 42 U.S.C. § 1983, naming the Virginia Department of Corrections ("VDOC") and the Virginia Parole Board ("VPB") as defendants. The court dismisses the action due to Plaintiff's failure to comply with the filing fee provisions of 28 U.S.C. §§ 1914 and 1915.

After reviewing court records, it appears that Plaintiff had at least three non-habeas civil actions or appeals dismissed as frivolous, as malicious, or for failing to state a claim before he commenced this action. <u>See, e.g.</u>, <u>Barber v. Jacobsen</u>, 102 F. App'x 817, 818 (4th Cir. 2004) (appeal dismissed as frivolous); <u>Barber v. Jacobsen</u>, No. 2:04cv195, slip op. at 1 (E.D. Va. Apr. 16, 2004) (dismissed as frivolous); <u>Barber v. Supreme Court of Virginia</u>, No. 2:05cv512, slip op. at 1 (E.D. Va. Sept. 8, 2005) (dismissed with prejudice for failure to state a claim); <u>Barber v. Alderman</u>, No. 2:03cv467, slip op. at 1 (E.D. Va. July 9, 2003) (dismissed with prejudice for failure to state a claim); <u>Barber v. Guillory</u>, No. 2:96cv670, slip op. at 1 (E.D. Va. Sept. 23, 1996) (dismissed with prejudice for failure to state a claim); <u>see also</u> <u>McLean v. United States</u>, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)). However, 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action proceeding [without prepayment of the filing fee] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's brief conclusion that he is under "imminent danger of serious physical harm" is not entitled to an assumption of truth. Plaintiff alleges that an addiction to drugs and alcohol led him to attempt suicide in 1988 and caused his incarceration decades ago. Plaintiff believes that his drug and alcohol addiction is "again leading him to have suicidal thoughts and gestures" because his recent transfer to Red Onion State Prison ("ROSP") prevents him from participating in many VDOC programs, including any drug and alcohol programs.[1] Plaintiff believes such programming is necessary because he was recently denied parole due, in part, to a "history of substance abuse."[2] Plaintiff concludes that the VDOC and VPB are discriminating against him by not transferring him from ROSP, a high-security, Level-S institution, to Lawrenceville Correctional Center, a medium-security, Level-3 institution, where he could attend more drug and alcohol treatment programs. Notably, Plaintiff's requested relief for this action is not immediate medical treatment; he demands a transfer to a less secure facility and for the VPB to reconsider his parole without referencing a history of substance abuse.

Plaintiff does not sufficiently allege any facts indicating that he is currently under any imminent threat of any serious physical injury within the meaning of 28 U.S.C. § 1915(g). The injury contemplated under § 1915(g) "must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them

---

[1] Plaintiff acknowledges that he completed phases I and II of the VDOC's "Drug/Alcohol Program" in 1995 and 2000, respectively.

[2] Per an attachment to the complaint, the VPB also noted the following reasons for denying parole: "[r]elease at this time would diminish the seriousness of crime," "[s]erious nature and circumstances of [Plaintiff's] offense(s)," Plaintiff "should serve more of [his] sentence prior to release on parole," "[e]xtensive criminal record," and "[h]istory of violence."

2

leave to proceed" without prepayment of the filing fee. See, e.g., Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). Furthermore, Plaintiff's vague, speculative, and non-specific allegations of future self harm are not sufficient or entitled to an assumption of truth.[3] Plaintiff's conclusion of "imminent danger" is unsubstantiated, relying on insufficient facts or details that do not present a real probability that he is in imminent danger of serious physical injury. See Pauline v. Mishner, No. 09-00182, 2009 U.S. Dist. LEXIS132142, at *7, 2009 WL 1505672, at *3 (D. Haw. May 28, 2009) (stating plaintiff's vague and conclusory allegations of possible future harm to himself are insufficient to trigger the "imminent danger" exception); Taylor v. Walker, No. 07-706, 2007 U.S. Dist. LEXIS 90849, *4, 2007 WL 4365718, *2 (S.D. Ill. Dec. 11, 2007) (recognizing a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA and because "[e]very prisoner would then avoid the three strikes provision by threatening to commit suicide"); Cooper v. Bush, No. 3:06cv653, 2006 U.S. Dist. LEXIS 49870, *3 n.3, 2006 WL 2054090, *2 n.3 (M.D. Fla. July 21, 2006) (stating plaintiff's allegations that he will commit suicide, or that he has already attempted suicide and will do so again, are insufficient to show imminent danger). Moreover, Plaintiff has not shown a sufficient connection between his alleged "imminent danger" and the denial of parole or place of incarceration. See, e.g., Pettus v. Morgenthau, 554 F.3d 293, 298 (2d Cir. 2009) ("[T]he complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts . . . ."). Accordingly, the court dismisses the action without prejudice for Plaintiff's failure to pay the filing fee at the time of filing the complaint. See, e.g., Dupree v.

---

[3] Determining whether a plaintiff states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id.

3

Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when in forma pauperis provisions do not apply and that the court is not required to give plaintiff another opportunity to pay the filing fee after recognizing plaintiff is ineligible to proceed in forma pauperis).

ENTER: This 1st day of March, 2016.

/s/ Michael F. Urbanski
United States District Judge